(24 Misc. Rep. 230.)

### VAN ALLEN v. DUNTON et al.

(Supreme Court, Special Term, Queens County. July, 1898.)

MUNICIPAL CORPORATIONS—TAXPAYER'S SUIT TO ANNUL CONTRACT—COMPLAINT
    —SUFFICIENCY.

   A complaint, in an action by a taxpayer to have a contract between a
town and an electric light company annulled for illegality or fraud, alleging
that the meeting of the town officials to hear the petition establishing the
gas district, for the lighting of which the contract was made, was not held
within such district, does not state a cause of action.

Suit by Henry Van Allen against Frederick W. Dunton and others, supervisors, town clerk, and justice of the peace of the town of Jamaica, and the Jamaica Electric Light Company.

B. J. Humphrey, for plaintiff.

H. A. Monfort, for defendant.

GAYNOR, J. This is a suit in equity by a taxpayer to have the contract entered into between the defendant officials and the defendant company annulled for alleged illegalities and frauds. There is but one cause of action in law and in fact, but the complaint strangely separates and sets out each specification of alleged illegality or fraud as an independent cause of action. The fifth, which is that the meeting of the defendant officials at the hearing upon the petition for the establishing of the gas district for the lighting of which the contract was made was not held within such district, is demurred to for insufficiency. It is difficult to deal with such crude and unscientific pleading, but inasmuch as the matter is set up as a separate cause of action, and insisted upon by the plaintiff's attorney as such,

and the defendant's attorney has taken him at his word, the court does likewise.

The fact stated is insufficient, and the demurrer is sustained with costs.